IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TINA MARIE PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15-0486-CV-W-FJG |
| | ) |
| CITY OF KANSAS CITY, 311 ACTION | ) |
| CENTER DEPARTMENT, JEAN ANN | ) |
| LAWSON, and DIANA SMITH, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are (1) Defendants 311 Action Center Department, Jean Ann Lawson, and Diana Smith's Motion to Dismiss the Complaint (Doc. No. 8); and (2) Defendants City of Kansas City, Missouri, 311 Action Center Department, Diana Smith, and Jean Ann Lawson's Motion to Dismiss the Complaint (Doc. No. 10). These motions are considered, below.

On June 26, 2015, plaintiff filed a motion for leave to proceed in forma pauperis (Doc. No. 1), as well as a motion to appoint counsel (Doc. No. 3). On July 10, 2015, the the Court granted plaintiff's motion for leave to proceed in forma pauperis, but denied the the motion to appoint counsel. On August 5, 2015, defendants 311 Action Center Department, Jean Ann Lawson, and Diana Smith filed a motion to dismiss (Doc. No. 8), indicating that they are either non-suable entities, or are not subject to liability under Title Title VII as individual supervisors. On August 6, 2015, all defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), asserting asserting that plaintiff did not plead that she was subject to an adverse employment action,

action, nor did she plead those people who were treated differently than she was were not not members of a protected class. Defendants also assert that plaintiff failed to allege any any facts regarding retaliation. Responses to these motions were due on or before August August 24, 2015. Plaintiff did not file timely responses to either motion to dismiss.

On August 31, 2015, the Court entered an Order that plaintiff show cause in writing on or before September 17, 2015, why this matter should not be dismissed for the reasons stated in defendants' motions. On September 1, 2015, plaintiff filed both a motion for extension of time to respond to defendants' motions to dismiss (Doc. No. 19) and an amended motion to appoint counsel (Doc. No. 20). The Court denied the amended motion for appointment of counsel, but granted an extension of time for plaintiff to respond to the motions to dismiss. Plaintiff was ordered to file responses to the pending motions to dismiss on or before October 23, 2015, and was cautioned that no further extension of the deadline would be granted. Plaintiff was further cautioned that if she failed to respond to the pending motions to dismiss by October 23, 2015, the Court may dismiss her case without further notice. See Order, Doc. No. 23, entered on September 30, 2015. Despite these warnings, as of the date of this Order, plaintiff has not filed responses to the pending motions to dismiss.

With respect to the motion to dismiss filed by 311 Action Center Department, Jean Jean Ann Lawson, and Diana Smith (Doc. No. 8), that motion is **GRANTED** because, for for the reasons stated in the motion and suggestions in support (Doc. No. 9), the 311 Action Center is not an entity that can be sued, and there is no Title VII liability for individual individual supervisors. Additionally, all defendants move to dismiss under Fed. R. Civ. P. P. 12(b)(6) for failure to state a claim (see Motion, Doc. No. 10). As stated by defendants,

defendants, plaintiff (1) failed to allege an adverse employment action when she bid for a a different shift and did not receive it, as the status quo remained and therefore there was was no tangible change in her employment; (2) failed to allege that those who were treated treated differently than here were not of a protected class; and (3) failed to allege facts regarding retaliation. See suggestions in support of motion to dismiss, Doc. No. 11. Accordingly, defendants' motion to dismiss under Rule 12(b)(6) (Doc. No. 10) is **GRANTED**.

Therefore, plaintiff's case is **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that the Clerk of the Court send copies of this order via regular and certified mail to Plaintiff at the following address: Tina Marie Perry, 2720 S.W. "J" Ave., Apt. 218, Lawton, Oklahoma 73505.

**IT IS SO ORDERED.**

Date: November 19, 2015  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge